UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KATHLEEN M. MEFFORD-WHEAT,
CHRISTOPHER P. MEFFORD,

        Plaintiffs,

  vs.

LT. KAREN JASPER,

        Defendant.

NO.  CV-11-0465-CI

ORDER RESERVING RULING ON
DEFENDANT'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. 12(c)

    BEFORE THE COURT is Defendant Karen Jasper's Motion to Dismiss
and Stay Discovery.  (ECF No. 21.)  Plaintiffs Kathleen M. Mefford-
Wheat and her son, Christopher P. Mefford, filed this *pro se* civil
rights Complaint pursuant to 42 U.S.C. § 1983.  They seek injunctive
relief and monetary damages for violations of their constitutional
rights under the Sixth, Eighth, and Fourteenth Amendments.  ECF No.
1 at 6.  Also included in the Complaint are allegations construed by
the court as claims for equal protection, due process and Miranda
violations. (ECF No. 1 at 3-5.)

    Defendant Karen Jasper, an employee of the Department of
Corrections of the State of Washington (DOC) is represented by
Assistant Attorney General, Corrections Division, Brian J.
Considine.  Lt. Jasper was a DOC officer at Airway Heights
Correctional Center at the time of the alleged violations.
Defendant moves for judgment on the pleadings, arguing facts alleged
in the Complaint do not state a claim for which relief can be
granted under Section 1983.  Defendant requests dismissal with

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(c) - 1

1  prejudice and a stay of discovery until her Motion is resolved.
2  (ECF No. 21, 22.)  The parties have consented to proceedings before
3  a magistrate judge.  (ECF No. 16.)

4  **STANDARD OF REVIEW**

5      A motion for judgment on the pleadings is reviewed under
6  standards equivalent to a motion for dismissal for failure to state
7  a claim under FED. R. CIV. P. 12(b)(6).  The court may consider
8  exhibits attached to a complaint without converting a motion to
9  dismiss to one for summary judgment.  *Parks School of Business, Inc.*
10  *v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Failure to
11  present enough facts to state a claim for relief that is plausible
12  on the face of the complaint will subject that complaint to
13  dismissal.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007)
14  "Dismissal can be based on the lack of a cognizable legal theory or
15  the absence of sufficient facts alleged under a cognizable theory."
16  *Balistreri v. Pacifica Police Dep't.* 901 F.2d 696, 699 (9th cir.
17  1990).

18      "For purposes of a motion to dismiss, the material allegations
19  of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395
20  U.S. 411, 421 (1969).  The court construes a *pro se* complaint
21  liberally in favor of the plaintiff; however, the court will not
22  supply an essential fact that is not included in the plaintiff's
23  complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)(*quoting*
24  *Ivey v. Board of Regents of Univ. Of Alaska*, 673 F.2d 266, 268 (9th
25  Cir. 1982).  Conclusory allegations of violations of constitutional
26  rights by a prison official are insufficient to withstand a motion
27  to dismiss. *Id.*

28

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c) - 2

1  **STATEMENT OF THE CASE**

2      Material allegations in the Complaint indicate Plaintiffs were

3  visiting an inmate at ACCH on October 23, 2011.  After being asked

4  to leave the visiting room by a prison officer, Plaintiffs were

5  approached by an officer who asked them to speak with Lt. Jasper at

6  the desk.  Lt. Jasper asked them for identification and asked them

7  where they lived and how long they had lived in Washington.

8  Plaintiff told Lt. Jasper they had moved from California to

9  Washington in August.  (ECF No. 1 at 2.)  Lt. Jasper asked to speak

10 with Plaintiff Kathleen Mefford-Wheat away from her son.  Lt. Jasper

11 informed Plaintiff the video recording of her and her son's visit

12 with the inmate shows Plaintiff going to the bathroom, returning to

13 the visiting room, and passing something to the inmate in a juice

14 container they shared.  Lt. Jasper told Ms. Mefford-Wheat she was

15 concerned about the inmate's stomach and safety after having

16 ingested whatever had been passed to the inmate in the juice

17 container.  In response to Lt. Jasper's requests that Plaintiff tell

18 the truth about what was given to the inmate, Plaintiff told Lt.

19 Jasper she did not do anything and she was telling the truth.  Lt.

20 Jasper then told Plaintiff she would be calling the police regarding

21 the incident and told Plaintiff she "needed to think about the

22 property I have in California." (ECF No. 1 at 2-3.)  Plaintiff told

23 Lt. Jasper she did not understand what Lt. Jasper was talking about.

24 *Id.* at 3.  Plaintiffs do not allege they were detained, or arrested,

25 or charged with a crime after the reported encounter with Defendant.

26 **42 U.S.C. § 1983**

27     To state a claim under 42 U.S.C. § 1983, Plaintiff must allege

28

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(c) - 3

(1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). Implicit in the second element is causation. Failure to allege or establish these essential elements requires dismissal. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.   FOURTEENTH AMENDMENT CLAIM**

To establish a Fourteenth Amendment due process violation, Plaintiff must allege a deprivation of a liberty or property interest by the government without due process. Property rights are defined by state law. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Plaintiffs have not identified a deprivation of either property or liberty interest caused by Lt. Jasper. Construing Plaintiffs' allegations liberally, Lt. Jasper's questions do not rise to the level of a deprivation. Even inferring the fact that Lt. Jasper's questions caused Plaintiff's fear of loss of liberty or property, the "mere expectation" of a loss does not create either interest. *Id*. Plaintiffs' Complaint does not allege the essential elements of a Fourteenth Amendment due process claim.

To state a claim for a violation of the equal protection clause under the Fourteen Amendment, Plaintiffs must allege they are

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(c) - 4

members of a protected class or they were treated differently from other similarly situated persons, and the different treatment was for discriminatory purposes. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432 (1985); *Monteiro v. Tempe Union High School Dist*. 158 F.3d 1022, 1026 (9th Cir. 1998); *see also Snowden v. Hughes*, 321 U.S. 1, 8 (1944). Plaintiffs have failed to allege sufficient facts to show they were treated differently from other persons similarly situated or were members of a protected class. Significantly, they have failed to allege an intent by Lt. Jasper to unlawfully discriminate against them.   These essential facts must be present to prove an equal protection claim under the Fourteenth Amendment.   The facts alleged in the Complaint clearly show Lt. Jasper was questioning Plaintiffs out of concern for the inmate's safety, based on actions she observed in a video recording of Plaintiffs visit.   ECF No. 1 at 3. Plaintiff neither alleges essential facts nor offers a cognizable legal theory as to how the facts alleged in their Complaint support an equal protection claim under the Fourteenth Amendment.   Plaintiffs' Fourteenth Amendment claims, therefore, must be dismissed.

Construing the Complaint liberally, Plaintiffs appear to allege that Lt. Jasper's questioning without giving them a Miranda warning violated their 14th Amendment equal protection and due process rights by placing them in fear of losing their property in California, arrest and criminal conviction.   (ECF No. 1 at 4.)   These allegations taken as true are insufficient to establish either a liberty interest or property interest protected by the Constitution. As discussed below, a Miranda warning does not apply in the context

1  of a civil action such as this.

2  **B.    FIFTH AMENDMENT CLAIM**

3       The Fifth Amendment protects a defendant's privilege against
4  compelled self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 439
5  (1966).  The court construes Plaintiff's allegations regarding a
6  "Miranda Rights violation" as a violation of the Fifth Amendment
7  right against compelled self-incrimination.  (ECF No. 1 at 4.)  A
8  Miranda warning is an exclusionary rule to prohibit the use of
9  compelled testimony by the prosecution in a criminal trial. *Oregon*
10 *v. Elstad*, 470 U.S. 298, 306-07 (1985).  A Miranda warning is not a
11 constitutional right; it is a procedural safeguard created to inform
12 an accused person of his right to remain silent, that any statement
13 made may be used as evidence against him, and he has the right to
14 the presence of an attorney.  The right may be waived. *Miranda*, 384
15 U.S. at 444.  A constitutional issue does not arise until statements
16 "obtained from a defendant questioned while in custody or otherwise
17 deprived of his freedom of action in any significant way" are
18 introduced against him at a criminal trial.  *Id.; Cooper v. Dupnik*,
19 924 F.2d 1520, 1528 (9th Cir. 1991).  Plaintiffs do not allege that
20 they were deprived of their freedom of action in any significant way
21 when questioned by Lt. Jasper.  There are no allegations of arrest,
22 or appearance as defendants in a criminal trial where statements
23 made during the encounter with Lt. Jasper were introduced as
24 evidence against them.  Miranda warnings are not required in the
25 non-custodial situation described in Plaintiff's Complaint.
26 Plaintiffs offer no cognizable legal theory or facts to support a
27 Fifth Amendment claim.  Therefore, dismissal of the construed Fifth

28

1  Amendment claim is required.

2  **C.   SIXTH AMENDMENT AND EIGHTH AMENDMENT CLAIMS**

3       Plaintiffs appear to allege a Sixth Amendment violation because

4  they were not afforded the right to have an attorney present during

5  their encounter with Lt. Jasper.  (ECF No. 1 at 4.)  The court

6  construes this and other allegations concerning procedural rights of

7  criminal defendants, such as right to counsel, as a Sixth Amendment

8  claim.  U.S.C.S. *Constitution Amendment 6 - Jury Trials*.[1]  The

9  Sixth Amendment details a defendant's rights to counsel "in all

10 criminal prosecutions." *Id*.  Sixth Amendment rights attach only to

11 charged offenses, and not until formal criminal proceedings are

12 initiated (*i.e.,* formal charge, preliminary hearing, indictment,

13 information or arraignment). *See Texas v. Cobb*, 532 U.S. 162, 167-

14 68 (2001).  Plaintiffs do not allege the essential fact that they

15 have been charged formally with a crime.

16      Regarding Plaintiffs conclusory allegation of an Eighth

17 Amendment violation, ECF No. 1 at 4, no facts are alleged to support

18 this claim.  As is the case with the Sixth Amendment, the Eight

19 Amendment protects criminal defendants by providing "[e]xcessive

20 bail shall not be required, nor excessive fines imposed, nor cruel

21 and unusual punishments inflicted." U.S.C.S. *Constitution Amendment*

22 _____

23      [1]  Those protections include: right to a speedy and public

24 trial, an impartial jury in the district where the crime was

25 committed, right to be informed of the nature and cause for the

26 charge, right to be confronted with witnesses, right to subpoena

27 witnesses, and right to assistance of counsel. U.S.C.S. *Constitution*

28 *Amendment 6.*

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(c) - 7

1   *8.*   Construing Plaintiffs' Complaint liberally and admitting all
2   allegations as true, there are no facts to support a Sixth Amendment
3   or Eight Amendment claim.   Therefore, dismissal of these claims as
4   presently alleged is required.

5        Plaintiffs' Complaint fails to allege facts sufficient to state
6   a claim under 42 U.S.C. § 1983.   It also does not appear that
7   amendment of the Complaint can cure its deficiencies.   Nevertheless,
8   as Plaintiffs are proceeding *pro se*, the court will give them the
9   opportunity to submit an amended complaint as directed below.
10  Ruling on the Motion to Dismiss is reserved for 60 (sixty) days.

11                    **OPPORTUNITY TO AMEND COMPLAINT**

12       Unless it is absolutely clear that amendment would be futile,
13  a *pro se* litigant must be given the opportunity to amend his
14  complaint to correct any deficiencies.   *Noll v. Carlson*, 809 F.2d
15  1446, 1448 (9th Cir. 1987).   Plaintiffs may submit an amended
16  complaint within **sixty (60) days** of the date of this Order which
17  includes sufficient facts to establish federal subject-matter
18  jurisdiction.   *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460
19  (9th Cir. 1980) (*citations omitted*).

20       Plaintiffs' amended complaint shall consist of a **short** and
21  **plain** statement showing he is entitled to relief.   Plaintiffs shall
22  allege with specificity the following:

23            (1)  the names of the persons who caused or personally
              participated in causing the alleged deprivation of their
24            constitutional rights,

25            (2)   the dates on which the conduct of each Defendant
              allegedly took place, and
26
27            (3)  the specific conduct or action Plaintiff alleges is
              unconstitutional.

28

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c) - 8

(4)    whether named defendants are being sued in their individual or official capacity.

Furthermore, Plaintiffs shall set forth their factual allegations in separate numbered paragraphs. THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT. Plaintiffs shall present their complaint on the form provided by the court as required by LR 10.1, Local Rules for the Eastern District of Washington. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number CV-10-0465-CI must be written in the caption.** Additionally, Plaintiffs must submit a copy of the "First Amended Complaint" for service on each named Defendant, and a copy for service on the State Attorney General. **PLAINTIFFS ARE CAUTIONED IF THEY FAIL TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT WITH PREJUDICE.** Accordingly,

    **IT IS ORDERED:**

    **1.** Ruling upon Defendant's Motion to Dismiss pursuant to Fed R. Civ. P. 12(c) (**ECF No. 21**) is **reserved for 60 (sixty days);**

    **2.    DISCOVERY IS STAYED** pending resolution of this matter.

    The District Court Executive is directed to file this Order, provide a copy to Plaintiffs and counsel for Defendants, and send Plaintiffs a copy of LR 10.1.

    DATED May 29, 2012.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER RESERVING RULING ON DEFENDANT'S MOTION
TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(c) - 9