UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KATHLEEN M. MEFFORD-WHEAT,  )
CHRISTOPHER PATRICK MEFFORD, )   No.  CV-11-465-CI
                             )
        Plaintiffs,          )
                             )   ORDER GRANTING DEFENDANT'S
v.                           )   MOTION TO DISMISS PURSUANT
                             )   TO FED. R. CIV. P. 12(c)
LT. KAREN JASPER,            )
                             )
        Defendant.           )
                             )
_____)

BEFORE THE COURT is Plaintiffs' Amended Complaint, Defendants' Answer to the Amended Complaint, and Defendant Karen Jasper's Motion to Dismiss, a ruling on which was reserved by the undersigned in an Order filed May 29, 2012. (ECF No. 21, 28, 29.) The parties have consented to proceedings before a magistrate judge. (ECF No. 16.)

**BACKGROUND**

On December 20, 2011, Plaintiffs Kathleen M. Mefford-Wheat and her son, Christopher P. Mefford, filed their original *pro se* civil rights complaint seeking injunctive relief and monetary damages for violations of their constitutional rights under the Sixth, Eighth, and Fourteenth Amendments (Complaint). (ECF No. 1.) Defendants, employees of the Department of Corrections of the State of Washington (DOC), are represented by Assistant Attorney General, Corrections Division, Brian J. Considine. The parties consented to proceedings before a magistrate judge on March 13, 2013. (ECF No. 16.)

On March 30, 2012, Defendant Jasper moved for judgment on the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(c) - 1

pleadings, arguing facts alleged in the Complaint do not state a claim for which relief can be granted under Section 1983. (ECF No. 21.) On May 29, 2012, the court found the Complaint failed to state a claim under § 1983, gave Plaintiffs an opportunity to file an amended complaint, reserved its ruling on Defendant's Motion for 60 days, and stayed discovery. (ECF No. 27 at 8-9.) Plaintiffs' filed their First Amended Complaint on June 26, 2012, adding a "Jane Doe Johnson" as Defendant, and claiming Fourteenth Amendment due process violations. (ECF No. 28.)

For the reasons stated below and in the court's May 29, 2012, Order, the court **GRANTS** Defendant's Motion for judgment on the pleadings and dismisses Plaintiffs' Complaint and Amended Complaint with prejudice.

**STANDARD OF REVIEW**

As discussed in the court's Order reserving its ruling, a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) is reviewed under standards equivalent to a motion for dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6). The court may consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (*citations omitted*). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*. 901 F.2d 696, 699 (9th Cir. 1990)(second amended opinion)(*overruled*

*in part by Twombly, supra,* at 562-63).

"For purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court construes a *pro se* complaint liberally in favor of the plaintiff; however, the court will not supply an essential fact that is not included in the plaintiff's complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)(*quoting Ivey v. Board of Regents of Univ. Of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Conclusory allegations of violations of constitutional rights by a prison official are insufficient to withstand a motion to dismiss. *Id*.

**FIRST AMENDED COMPLAINT**

Material facts alleged in the First Amended Complaint indicate Plaintiffs were visiting an inmate at the Airway Heights Correction Center when their visit was terminated by corrections officers. Plaintiffs were escorted out of the visiting room by Defendant Johnson. Plaintiff Mefford remained by the door; Defendant Mefford-Wheat was questioned by Defendant Jasper in another room regarding suspected transfer of contraband to the inmate. Plaintiffs allege Defendants Johnson and Jasper put them "in fear of injury or death" if they did not comply with their orders, "based on their tone of voice and size of Defendant Jasper"; accused them of committing a crime; and "placed them in fear of property loss." ECF No. 28 at 1-3. Plaintiffs allege Defendant Jasper's mode of questioning was in violation of written policies of the Department of Corrections that direct (1) visitors may be detained for law enforcement only if found in possession of contraband, and (2) may not be questioned while detained and awaiting law enforcement's arrival. *Id.* at 3.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO F$_{ED}$. R. C$_{IV}$. P. 12(c) - 3

Plaintiffs allege Defendants deprived them of their constitutional rights when they violated established DOC procedures. They claim Defendants "detained" Plaintiff Mefford "in a chair," and "detained" Plaintiff Mefford-Wheat "in the back of the room," thus depriving them, without due process, of their liberty to leave the DOC facility.

**FOURTEENTH AMENDMENT CLAIM**

To establish a Fourteenth Amendment due process violation, Plaintiffs must allege deprivation, by the government, of a liberty or property interest protected by the constitution, without due process. Property rights are defined by state law. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

In their Amended Complaint, Plaintiffs do not identify a property interest or a liberty interest that is protected by the Fourteenth Amendment of the Constitution. Plaintiffs appear to argue DOC administrative policies regulating the search and detainment of correction facility visitors have created constitutionally protected interests for visitors. They claim Defendant Jasper's alleged failure to abide by the relevant policies violated their due process rights under the Fourteenth Amendment. Neither the facts nor the law support this claim.

The DOC has promulgated internal policies regulating searches and detainment of facility visitors to minimize the introduction of contraband into the prison system. *See* ECF No. 29 at 12-19. These internal procedural guidelines do not have the force of law and cannot give rise to due process claims. *See James v. United States Parole Commission*, 159 F.3d 1200, 1205 (9th Cir. 1998)(internal guidelines are not enforceable in federal court); *see also United*

*States v. Fifty-Three (53) Eclectus Parrots*, 685, F2d 1131, 1136 (9th Cir. 1982)(agency policy directives cannot be asserted against the government). Further, the implementation of agency policies or rules does not create a liberty interest protected by due process law. *Kentucky Department of Corrections v. Thomas*, 490 U.S. 454, 4559 (1989). Plaintiff offers no legal theory as to how prison policies regulating visitation with inmates has created a property or liberty interest.

In addition, the Amended Complaint does not allege facts that rise to the level of deprivation of a liberty interest. Plaintiffs do not assert they were detained physically, searched, charged with a crime, or arrested by law enforcement. The allegation that they were intimidated and felt compelled to comply with Defendants' orders due to Defendant Johnson's size and Defendant Jasper's forceful questioning does not establish a deprivation of liberty protected by the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, (1976) (perceived injury inflicted by state actor does not invoke Fourteenth Amendment protection); *see also DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (subjective characterizations and bald assertions insufficient to state civil rights claim); *Portman*, 995 F.2d at 904 (claimed property interest must be easily defined to be constitutionally protected). Plaintiffs' Amended Complaint fails to alleges facts sufficient to establish the essential elements of a Fourteenth Amendment due process claim. Therefore, dismissal is appropriate.

## QUALIFIED IMMUNITY

The doctrine of qualified immunity protects a state actor from liability where, as here, her conduct does not violate "clearly

established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Even if a prison official's action resulted from a mistake of law or mistake of fact, the doctrine of qualified immunity shields her from the burdens of litigation and liability, as long as the official was performing her duties reasonably. *Id.* at 231.

The qualified immunity analysis involves two steps: determination of whether (1) the alleged constitutional right was clearly established, and (2) the prison official reasonably believed his conduct did not violate a clearly established constitutional right. *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see Davis v. Scherer*, 468 U.S. 183, 196-97 (1984)(prison official not subject to suit merely because official did no follow prison administrative regulation).

To defeat the affirmative defense of qualified immunity, Plaintiffs must prove the alleged constitutional right was sufficiently clear that a reasonable officer would understand what he is doing is unconstitutional. *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). In the context of a prison visitors room, where the safety of the public and security of the facility are exceptionally compelling considerations, the courts accord "wide-ranging deference" to prison officials decision-making. The courts recognize that prison officials "must be free to take appropriate action to ensure safety of inmates and corrections personnel" and to prevent escape or, in this case, the introduction of unauthorized contraband. *Bell v. Wolfish,* 4441 U.S. 520, 547-48 (1979).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(c) - 6

As discussed above, Plaintiffs have failed to assert a constitutional right. Therefore, they cannot establish that a constitutional right was clearly established at the time of the alleged violation. Even accepting Plaintiffs' subjective characterization of the encounter, the facts alleged in the Amended Complaint do not describe unreasonable conduct by either Defendant. In the context of maintaining security in a prison visitors room, where the public has easy access to inmates and close supervision is required, Defendant Jasper's actions were reasonable. Therefore, Defendants are immune from suit and entitled to dismissal of the Complaint. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss **(ECF No. 21)** is **GRANTED**;

2. Plaintiffs' Complaint and First Amended Complaint (ECF No. 1, 28) are DISMISSED WITH PREJUDICE;

3. Judgment shall be entered for Defendant;

4. Each party shall bear their own costs.

The District Court Executive is directed to file this Order, provide a copy to Plaintiffs and counsel for Defendants and close the file.

DATED August 29, 2012.


                       S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(c) - 7